THE CASE OF CHARLES ROGERS.

if a statute contains provisions of a private nature, as, to incorporate a bank,
&c., yet if it contains also provisions for the forfeiture of penalties to the
State, or for the punishment of public offences in relation to such bank, it is
a public statute.
The statute incorporating the Bank of the United States is a public statute.

THE prisoner was convicted of bringing into and having in
his possession within this State five false forged and counterfeit
bills purporting to be bills of the *Kennebec* bank, and six other
false, forged and counterfeit bills, purporting to be bills of the
Bank of the United States, with intent to utter and render them
current as true, knowing them to be false, &c. The indictment
contained but one count. At the trial the presiding Judge ad-
mitted the printed statute-books to be read as evidence of the
incorporation and existence of the banks mentioned in the in-
dictment, though objected to by the prisoner, for which cause
he now moved that the verdict be set aside and a new trial be
granted.

*Orr* and *Fessenden*, for the prisoner, argued respecting the
act incorporating the bank of the United States, that it is a
private act, because it is a mere grant of private privileges, for
the benefit of individuals in particular and not of the public in

general, which the United States cannot revoke, and over whose lawful operations they have no control.

*The Attorney General* argued for the public character of the act, from the interest which the government had in it, as secured in the second, eighth and fourteenth sections. And he cited the case of *M'Culloch v. The State of Maryland*, 4 *Wheat.* 316.

MELLEN C. J. So far as the motion before us has reference to the bills mentioned in the indictment as purporting to have been issued by the *Kennebec Bank*, we have considered and disposed of it in the case of *James M. Rogers ;* and to that we refer for the reasons of our opinion.

But in *this* indictment the defendant is charged with having had in his possession sundry forged and counterfeit bills, purporting to have been issued by the *Bank of the United States*, knowing them to be false and forged, and for the purpose of rendering them current as genuine ; and as to these the objection is, that the Judge before whom the cause was tried admitted the *printed copy* of the act of Congress, establishing that bank, to be read to the jury as proof of its incorporation.—The argument in support of this objection is that the act is a *private* one. The only question, then, is, whether the act be a *public* or *private* act ? It is well known that the Bank was established for *public* purposes, as an important aid in conducting the fiscal concerns of the nation. The United States own a large portion of the funds of the Bank,—its bills are receivable in payment of the revenue ; and in the case of *M'Culloch v. Maryland,* 4 *Wheat.* 316. the Supreme Court of the United States, speaking of the act incorporating the National Bank, pronounced it one of the supreme laws of the land.

But although a statute be of a *private* nature, as, if it concern a particular trade, yet if a forfeiture be thereby given to the King, it is a *public statute*. *Rex v. Bagg, Skin.* 429. On examining the act under consideration, we find that the twelfth and thirteenth sections provide penalties of different amounts for violations of certain parts of the act ; and a moiety or a less proportion of the penalties is given to the United States.

The eighteenth and nineteenth sections provide punishments to be inflicted on those who may be convicted of counterfeiting the bills of the bank, passing them, possessing them, &c. It is believed that in common cases, acts of incorporation, of a private nature, do not contain provisions for the forfeiture of penalties and infliction of punishments. Such provisions are to be found in the general and public statutes, and not elsewhere.

For these reasons we cannot feel ourselves at liberty to pronounce this act of Congress to be a merely *private act*, proveable to a jury only by a copy attested by the Secretary of State. The motion, therefore, to set aside the verdict and grant a new trial, must be overruled and sentence be passed upon the prisoner.